Case 4:16-cv-02721   Document 23   Filed in TXSD on 03/17/17   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 17, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEACO GLOBAL LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-16-02721 |
| | § | |
| WELLSITE DELIVERY SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The plaintiff, Seaco Global Limited, sued the defendant, Wellsite Delivery Services, for breach of contract, alleging Wellsite's failure to return or to pay the lease fees for five oil-and-gas tanks. (Docket Entry No. 1). Wellsite was served on September 23, 2016. (Docket Entry No. 4). Wellsite did not respond, and Seaco moved for default judgment on October 28, 2016. (Docket Entry No. 5). The court entered a final default judgment on November 14, 2016. (Docket Entry No. 7). The judgment was for $225,935.31, plus contractual damages of $58 per day for rent and interest until the judgment is satisfied. (Docket Entry No. 7 at 1–2).

Seaco issued a subpoena duces tecum to Robert and Heidi Thomas, respectively the chief executive officer and vice president of finance of Wellsite, and together owners of 90% of Wellsite's stock. (Docket Entry No. 9). The Thomases did not respond to the subpoena. Seaco moved for a show-cause hearing and a writ of garnishment, which the court approved on February 3, 2017. (Docket Entry Nos. 9, 10, 11).

On February 8, 2017, counsel entered an appearance for Wellsite and moved to vacate the judgment. (Docket Entry Nos. 13, 14). Wellsite alleges that Mr. Thomas was engaged in another litigation and, based on his experience in the other suit, believed that he could negotiate with Seaco

1

directly and resolve the issue. (Docket Entry No. 13 at 2). As soon as Mr. Thomas realized his mistake, he "immediately" sought legal counsel. (*Id*. at 5). As late as January 13, 2017, however, he had expressed an intent to retain counsel but had not acted on that intent. (*Id*.). At Mr. Thomas's deposition after the default was entered, Seaco's counsel told Mr. Thomas that he did not need to consult or retain counsel. (Docket Entry No. 20 at 6).

"Rules 55(c) and 60(b) allow a district court to set aside an entry of default or default judgment for 'good cause.' To determine whether or not good cause is present, [the Fifth Circuit] consider[s] three factors: (1) whether the default was willful; (2) whether setting aside the default judgment would prejudice Plaintiffs; and (3) whether [the defendant] presented a meritorious defense." *In re Chinese Manufactured Drywall Prod. Liability Litig.*, 742 F.3d 576, 594 (2014) (internal citation omitted). "A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Id*. (quoting *Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. 2000). Failing to seek legal advice or to contact the opposing party or counsel before the response is due is often considered willful, and ignorance or mistake about federal litigation practices is not considered an excuse. *See id*. at 594–95 (citing cases).

As to the first factor, although Seaco argues that Wellsite's failure to consult counsel is a willful default, Mr. Thomas's decision not to consult counsel is consistent with his belief that he could resolve the dispute. That belief was apparently encouraged by Seaco's counsel, who told Mr. Thomas that he did not need a lawyer. As to the second factor, there is no prejudice to Seaco in requiring it to prove its liability and damages claims. *See, e.g.*, *Global Gold Mining, LLC v. Ayvazian*, 983 F.Supp.2d 378 (S.D.N.Y. 2013) ("To demonstrate prejudice, the parties must establish 'that delay will result in the loss of evidence, create increased difficulties of discovery, or

provide greater opportunity for fraud and collusion.'" (quoting *Davis v. Musler*, 713 F.3d 907, 916 (2d Cir. 1983)). Finally, Wellsite has presented a meritorious defense. Seaco admits that one tank alleged in its complaint to be missing was in fact returned before the default was entered, and another was returned shortly after. (Docket Entry No. 17 at 16 n.4). Wellsite asserts that it returned three of the tanks in 2015. (Docket Entry No. 13 at 5–6). It is not clear whether the returned tanks Seaco has identified overlap with the three alleged to have been returned.[1]  Seaco argues that "those facts point to a need to simply amend the amount of the default judgment. They certainly do not warrant a complete 'do over' for Wellsite." (Docket Entry No. 17 at 16 n.4). But this is a defense to at least liability for some of the tanks and important evidence on the extent of damages. *See In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (a meritorious defense shows "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default"). The three factors together weigh heavily in favor of vacating the default and reinstating the case to the active docket.

The motion to vacate, (Docket Entry No. 13), is granted. The motion to abate and compel, (Docket Entry No. 20), is denied as moot. The court vacates its order of default and final default judgment, (Docket Entry Nos. 6, 7), and the writ of garnishment, (Docket Entry No. 11). A scheduling order is separately entered.

SIGNED on March 17, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

[1] In a reply filed on the morning of March 16, 2017, Wellsite for the first time identified the tanks at issue by their lease numbers. (Docket Entry No. 21). Seaco has not yet had an opportunity to respond and confirm or deny whether its records show the same disposition of the specifically identified tanks.